UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BYRON KENNETH ANDERSON, | Case No. 18-CV-2959 (NEB/ECW) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| MARK DAYTON, Governor; LORI SWANSON, Attorney General; EMILY PIPER JOHNSON, Commissioner of DHS; and STATE OF MINNESOTA, | |
| Respondents. | |

Petitioner Byron Kenneth Anderson is currently a civil detainee of the State of Minnesota being held on the finding that he is sexually dangerous. *See In re Civil Commitment of Anderson*, No. A12-1111, 2012 WL 5476173 (Minn. Ct. App. Nov. 13, 2012); *In re Civil Commitment of Anderson*, No. A06-2008, 2007 WL 824019 (Minn. Ct. App. Mar. 20, 2007). Prior to his civil commitment, Anderson was twice in the early 1990s convicted in state court of criminal sexual offenses — once in Pope County, and once in Stearns County. *See State v. Anderson*, 520 N.W.2d 184, 185-86 (Minn. Ct. App. 1994). Anderson alleges that pursuant to the plea agreement entered in the Stearns County criminal matter, the state government agreed not to pursue civil commitment at the conclusion of his sentence should Anderson complete an appropriate treatment program while incarcerated. By later civilly detaining him, Anderson claims, the government acted in violation of the Stearns County plea agreement. In 2016, Anderson

1

sought to revoke his Stearns County plea agreement in state court — an effort rejected as untimely under state law. *See Anderson v. State*, No. A17-1104, 2018 WL 1997087 (Minn. Ct. App. Apr. 30, 2018).

In his petition for a writ of habeas corpus, Anderson requests that this Court find that the government breached the Stearns County plea agreement. That habeas petition is now before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons explained below, it is recommended that Anderson's habeas petition be summarily denied.

As an initial matter, this Court notes that Anderson has twice before challenged the legality of his *civil* commitment through a federal petition for a writ of habeas corpus. *See Anderson v. Dayton*, No. 13-CV-3152 (DWF/LIB), 2014 WL 1309143, at *3-4 (D. Minn. Mar. 31, 2014). Thus, as was explained to Anderson previously, "this Court cannot entertain another federal habeas corpus petition challenging Petitioner's civil commitment order, unless he first seeks and obtains a pre-authorization order from the Eighth Circuit Court of Appeals." *Id*. at *4 (citing 28 U.S.C. § 2244(b)). To the extent that Anderson's current habeas petition, putatively attacking the Stearns County prosecution, is intended to be a cat's paw attacking the current civil commitment, the petition is "second or successive" within the meaning of § 2244(b)(3)(A), and this Court lacks jurisdiction over that aspect of the petition unless and until Anderson receives authorization from the Eighth Circuit. *See* 28 U.S.C. § 2244(b)(3).

That said, Anderson has never challenged his *criminal* convictions in federal court, and thus his habeas petition cannot be second or successive with respect to those

2

criminal convictions. Still, the habeas petition — which, as a formal matter, attacks the Stearns County plea agreement, not Anderson's civil commitment — must be denied for two reasons:

First, "[t]he federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3); emphasis in original). "We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Id*. at 490-91 (emphasis added). Anderson long ago ceased being in custody for purposes of the criminal convictions. *See State v. Anderson*, 520 N.W.2d at 185-86; Petition at 10 (Dkt. No. 1) (noting that "the petitioner's criminal sentence did expire and his rights were fully restored on June 3, 2007). Although Anderson is currently detained by the State of Minnesota, that custody is the result of the civil commitment, not the criminal convictions. And because Anderson is no longer in custody as a result of the criminal convictions, he cannot seek habeas corpus relief from those convictions.

Second, even if Anderson were "in custody" as a result of the convictions, his habeas petition has nevertheless been brought far too late. Under § 2244(d)(1),

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

3

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The second and third provisions are irrelevant to this proceeding, as Anderson was never impeded from seeking federal habeas relief before (as explained above, he has done so twice previously), and his claims do not depend upon a newly recognized constitutional right. Moreover, Anderson's criminal convictions became final more than two decades ago; any habeas provision governed by § 2244(d)(1)(A) is therefore plainly too late.

Anderson can plausibly argue that the timeliness of his petition is governed by § 2244(d)(1)(D), as he could not have known about the state government's alleged broken promise not to pursue civil commitment until the government in fact broke its promise. But as pointed out by the Minnesota Court of Appeals in finding that Anderson's state-court petition for post-conviction relief was untimely, "Anderson knew in 2002 that the state was seeking his civil commitment," *Anderson v. State*, 2018

WL 1997087, at *2, and the Douglas County Court entered its indefinite commitment order on July 20, 2007 (Dkt. No. 1 at 3). In other words, the pending habeas petition was filed *at least* 11 years (if not 16 years) after "the factual predicate of the claim or claims presented could have been discovered." 28 U.S.C. § 2244(d)(1)(D). Under any of the § 2244(d)(1) provisions, then, Anderson's habeas petition is untimely.

Accordingly, it is recommended that Anderson's petition for a writ of habeas corpus be summarily denied. Four further matters require brief comment:

*First*, Anderson's application to proceed *in forma pauperis* (Dkt. No. 2) may be denied, as this action is recommended for dismissal. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996).

*Second*, Anderson has twice requested appointment of counsel in this action. *See* Dkt. Nos. 4 & 15. Neither the Constitution nor a federal statute entitles Anderson to assistance of counsel in these habeas proceedings, and appointment of counsel is unlikely to be of any practical help to Anderson, whose request for habeas relief is futile for the reasons described above. Accordingly, Anderson's motions for appointment of counsel should be denied.

*Third*, respondent Lori Swanson has moved for dismissal on the grounds that she is not a proper respondent to the petition. (*See* Dkt. No. 7.) Anderson agrees and has asked that Swanson be dismissed. (*See* Dkt. No. 13.) The issue would essentially become moot the entire habeas petition be dismissed as this Court recommends, but Swanson's motion to dismiss may be granted in light of Anderson's acknowledgement that Swanson is not a proper respondent to these proceedings.

5

*Fourth*, a § 2254 habeas corpus petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, it is highly unlikely that any other court, including the Eighth Circuit Court of Appeals, would treat Anderson's current habeas corpus petition differently than it is being treated here. Anderson has not identified, and this Court cannot discern, anything novel, noteworthy or worrisome about this case that warrants appellate review. It is therefore recommended that Anderson should not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. The petition for a writ of habeas corpus of petitioner Byron Kenneth Anderson (Dkt. No. 1) be **SUMMARILY DENIED**.

2. Anderson's application to proceed *in forma pauperis* (Dkt. No. 2) be **DENIED**.

3. Anderson's motions for appointment of counsel (Dkt. Nos. 4 & 15) be **DENIED**.

4. Respondent Lori Swanson's motion to dismiss (Dkt. No. 7) be

   **GRANTED**.

5. No certificate of appealability be issued.

Dated: November 29, 2018      *s/Elizabeth Cowan Wright*
                              Elizabeth Cowan Wright
                              United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).