# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| BYRON KENNETH ANDERSON, | Case No. 18-CV-2959 (NEB/ECW) |
| Petitioner, | |
| v. | ORDER ON REPORT AND RECOMMENDATION |
| TIM WALZ, Governor; KEITH ELLISON, Attorney General; TONY LOUREY, Commissioner of DHS; and STATE OF MINNESOTA | |
| Respondents.[1] | |

This is a habeas action brought under 28 U.S.C. § 2241 by Petitioner Byron Kenneth Anderson ("Anderson"). [ECF No. 1.] In a Report and Recommendation dated November 29, 2018 [ECF No. 16 ("R&R")], United States Magistrate Judge Elizabeth Cowan Wright recommended denying the petition. Anderson filed an objection to the R&R. [ECF No. 17 ("Pet.'s Obj.")], and the Governor, Commissioner of DHS, and the State of Minnesota ("Defendants") filed a response to Anderson's objection. [ECF No. 19.] This Court now reviews the R&R.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), the Court orders that the following individuals shall substitute their predecessors in office on the case caption: Tim Walz, Governor, shall replace Mark Dayton; Keith Ellison, Attorney General, shall replace Lori Swanson; and Tony Lourey, Commissioner of DHS, shall replace Emily Piper Johnson.

1

## BACKGROUND

Anderson, a *pro se* plaintiff, is currently being civilly detained by the State of Minnesota after a finding that he is sexually dangerous. *See In re Civil Commitment of Anderson*, No. A12-1111, 2012 WL 5476173 (Minn. Ct. App. Nov. 13, 2012); *In re Civil Commitment of Anderson*, No. A06-2008, 2007 WL 824019 (Minn. Ct. App. Mar. 20, 2007). Prior to his civil commitment, Anderson was convicted of two state court criminal sexual offenses—one in Pope County and one in Stearns County. *State v. Anderson*, 520 N.W.2d 184, 185–86 (Minn. Ct. App. 1994). Anderson argues that, as part of his plea agreement, the state agreed to not pursue civil commitment if Anderson completed an appropriate training program while incarcerated. In 2016, Anderson brought a claim in state court to revoke his plea agreement. *See Anderson v. State*, No. A17-1104, 2018 WL 1997087 (Minn. Ct. App. Apr. 30, 2018). The district court dismissed his claim as untimely and the Minnesota Court of Appeals affirmed. *Id.* Then, in October 2018, Anderson filed a Petition for Writ of Habeas Corpus with this Court, alleging the government breached the Stearns County plea agreement. [ECF No. 1.][2]

---

[2] As the R&R notes, this is Anderson's third time filing a federal habeas petition relating to his civil commitment. (R&R at 2); *see Anderson v. Dayton*, No. 13-CV-3152 (DWF/LIB), 2014 WL 1309143, at *3–4 (D. Minn. Mar. 31, 2014). Therefore, to the extent Anderson seeks to challenge his civil commitment, he must first obtain authorization from the Eighth Circuit Court of Appeals, as his petition is "second or successive" under 28 U.S.C. § 2244(b). But to the extent Anderson seeks to challenge his criminal conviction in federal court, the petition is properly before this Court because he has yet to challenge his criminal conviction and thus it is not second or successive.

2

# ANALYSIS

I. **Standard of Review**

The Court reviews the portions of the R&R to which Anderson objects *de novo*. *See* 28 U.S.C. § 636(b)(1).

II. **Whether Anderson is "In Custody" For Purposes of 28 U.S.C. § 2241(c)(3)**

The R&R first points out that Anderson cannot seek habeas relief because he is not "in custody" as required by the federal habeas statute. (R&R at 3.) Anderson did not directly object to this determination, and so the Court reviews it for clear error. *See* Fed. R. Civ. P. 72; *Montgomery v. Compass Airlines, LLC*, 98 F. Supp. 3d 1012, 1017 (D. Minn. 2015) ("Objections which are not specific but merely repeat arguments presented to and considered by a magistrate judge are not entitled to *de novo* review, but rather are reviewed for clear error."). This court may only consider habeas petitions from individuals who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (emphasis added). Anderson's detainment by the State of Minnesota is due to his

civil commitment, and not a criminal conviction. Because Anderson is not "in custody" as required by § 2241, the R&R did not clearly err in dismissing his petition.

### III. Whether Anderson's Petition is Timely

The R&R also notes that Anderson's petition is untimely. (R&R at 3.) Anderson argues his habeas petition is not time-barred for three reasons. First, he argues "[t]he State did not breach the terms of the contract until the final commitment order was entered in 2007." (Pet's Obj. at 7.) Section 2244(d)(1) provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing a application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

Only the first and fourth factors apply in this case. The timeline has passed for the first factor as the final judgment on Anderson's criminal convictions occurred decades earlier. As the R&R notes, Anderson could argue his case is timely under the fourth factor

4

because "he could not have known about the state government's alleged broken promise not to pursue civil commitment until the government in fact broke its promise." (R&R at 4.) But as the R&R also points out, Anderson knew the state was seeking civil commitment in 2002. *Id.*; *see Anderson v. State*, No. A17-1104, 2018 WL 1997087, at *2 (Minn. Ct. App. Apr. 30, 2018). Anderson's petition is therefore untimely under the § 2244(d)(1) factors.

Anderson also argues that the Court should excuse his untimeliness because of (1) mental illness and (2) his lack of access to courts arising from being committed to MSOP. Courts may, under certain circumstances, toll the statute of limitations in § 2244(d)(1). *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000). "Equitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.* Anderson does not explain how mental illness or being committed to MSOP made it impossible for him to file his petition on time. This is not the first time Anderson has filed a habeas petition during his civil commitment, which suggests Anderson has not previously had trouble filing these kinds of petitions. *See Anderson v. Dayton*, No. 13-CV-3152 (DWF/LIB), 2014 WL 1309143, at *3–4 (D. Minn. Mar. 31, 2014). Without more specific information as to why it was not possible for Anderson to file his petition on time, the Court will not engage in equitable tolling of the statute of limitations in this case.

**IV.    Additional Matters**

The R&R addressed several additional matters in this case. (R&R at 5–6.) First, the R&R recommended that this Court not grant Anderson a certificate of appealability ("COA"). (R&R at 6.) To receive a COA in a habeas petition under § 2254, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Anderson has not made such a showing. It is well-established that he is not in custody for habeas purposes and that his petition is untimely. And, as the R&R noted, "Anderson has not identified . . . anything novel, noteworthy or worrisome about this case that warrants appellate review." (R&R at 6.) Therefore, Court denies Anderson a COA in this case.

The R&R also recommends denying Anderson's IFP application. (*Id.* at 5.) Anderson did not directly object to this recommendation. (*Id.*) Denial of the IFP application is appropriate because the Court is dismissing this action. *See Kruger v. Erickson*, 77 F.3d 1071, 1074 n.3 (8th Cir. 1996). Further, the R&R recommends granting the Attorney General's motion to dismiss on the grounds that he is not a proper respondent in this case [ECF No. 7]. (*Id.*) This motion is denied as moot because the court is dismissing the case. Finally, Anderson objects to the R&R's recommendation to deny his motion for appointment of counsel. (Pet.'s Obj. at 9; R&R at 5.) The Court also denies this motion as moot because this case is dismissed. *United States v. Brown*, No. 12-CR-0172(3) (SRN/AJB), 2018 WL 2135015, at *8 (D. Minn. May 9, 2018) ("Because [the

Plaintiff's] claims fail both procedurally and substantively, his related motions for the appointment of counsel and for IFP status are denied without prejudice as moot.").

## CONCLUSION

Based on the foregoing, and on all the files, records and proceedings herein, the Court OVERRULES Anderson's objections [ECF No. 17], and ACCEPTS the R&R [ECF No. 16]. IT IS HEREBY ORDERED THAT:

1. Anderson's petition for a writ of habeas corpus [ECF No. 1] is SUMMARILY DENIED;

2. Anderson's application to proceed *in forma pauperis* [ECF No. 2] is DENIED;

3. Anderson's motions for appointment of counsel [ECF Nos. 4 & 15] are DENIED;

4. Respondent Keith Ellison's motion to dismiss [ECF No. 7] is DENIED as moot; and

5. No certificate of appealability is issued.

LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: April 1, 2019					BY THE COURT:

							s/Nancy E. Brasel
							Nancy E. Brasel
							United States District Judge